FILED
SUPERIOR COURT
OF GUAM

2020 APR -2 PM 12: 57

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **CHRISTOPHER ALLEN**, <br><br> Plaintiff, <br><br> vs. <br><br> **IAN C. RICHARDSON** in his individual capacity and **JOHN YOUNG** in his individual capacity, <br><br> Defendants. | CIVIL CASE NO. CV0191-09 <br><br><br> **DECISION AND ORDER FROM RECUSAL COURT** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 26, 2020, for the limited purpose of addressing the Defendant, Ian C. Richardson's 7 GCA § 6107 Statement of Objection to Competency of Judge Vernon P. Perez filed February 26, 2020 ("Statement of Objection"). Plaintiff Christopher Allen ("Plaintiff") is represented by Attorneys James Maher and David Lujan. Defendant Ian C. Richardson ("Defendant") is *pro se*. Having reviewed the pleadings and arguments in this matter, this Recusal Court issues the following Decision and Order.

## BACKGROUND

This Recusal Court is tasked with assessing the merits of the Defendant's Statement of Objection, filed February 26, 2020, seeking the recusal of the Honorable Vernon P. Perez ("Judge Perez") from continuing to preside over this matter. In his Statement of Objection, the Defendant alleges that Judge Perez's impartiality may be reasonable questioned, "as his actions have enabled and condoned the use of his court as an extortionist criminal scam" because: 1)

"Judge Perez concealed crucial defense evidence for 7 years based on his 'abuse of discretion . . . and legal error;'" 2) "Judge Perez condoned plaintiff's attorneys' witness and evidence bribery, subornation, forgery, and perjury;" 3) "gross partisan error of fact;" and 4) "gross asymmetry of treatment of plaintiff and defendant as pro se litigants." *See* Obj. to Competency at 2-6 (Feb. 26, 2020).

Judge Perez submitted his Answer Re: Defendant Richardson's Statement of Objection on March 6, 2020.[1] Judge Perez asserts that, in "considering the facts of this case, the procedural history, and Defendant Richardson's arguments, [he] does not believe his impartiality will be reasonably questioned if he continues to preside over this matter," and that he "has no bias or prejudice towards any party in this matter that would render fair judgment impossible." *See* Answer at 5 (Mar. 6, 2020).

On March 26, 2020, pursuant to Title 7 GCA section 6107, the question of whether Judge Perez should be disqualified from continuing to preside over this matter came before this Recusal Court.

## DISCUSSION

Guam law governing the disqualification of judicial officers provides, "[a]ny judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned." 7 GCA § 6105(a). Where a judge fails to disqualify him or herself, any party to that proceeding may move to disqualify the judge pursuant to section 6107. *See* 7 GCA § 6107. "[T]he standard of recusal is the appearance of impropriety and that no actual showing of bias is necessary for recusal to lie." *Dizon v. Superior Court*, 1998 Guam 3 ¶ 8. In other words, under section 6105, "what matters is the appearance of bias, not actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (citing *Van Dox v. Super. Ct.*, 2008 Guam 7 ¶ 32) (internal quotations omitted). The appearance of bias is judged from the standard of a reasonable person "who

---

[1] On March 26, 2020, the Defendant filed a Notice and Addendum Re: The Court's Failure to Respond to Richardson's Statement of Objection to Competency of Judge Vernon P. Perez, asserting that he did not receive a timely response from Judge Perez. Judge Perez however, filed his Answer on March 6, 2020, approximately nine (9) days from the filing of the Defendant's Statement of Objection. Thus, Judge Perez's Answer was timely. *See Van Dox v. Super. Ct. (Alcorn)*, 2008 Guam 7 ¶ 21 ("If a judge does not file an answer as prescribed by Section 6107 within ten days, then he is deemed to have consented to his disqualification." (citing 7 GCA § 6107)).

knows all the facts, and understands the contexts of jurisdictions, parties, and controversies involved . . . ." *Van Dox*, 2008 Guam 2008 Guam 7 ¶ 32 (quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). Furthermore, "[d]isqualification is not required if an allegation that a judge might not be impartial is only speculative, conclusory, spurious, or vague." *Carbana v. Cruz*, 595 F.Supp. 585, 587 (D.P.R. 1984), *aff'd*, 767 F.2d 905 (1st Cir. 1985).[2]

First, the Defendant alleges that "Judge Perez concealed crucial defense evidence for 7 years based on his 'abuse of discretion . . . and legal error.'" Obj. to Competency at 2 (Feb. 26, 2020). Specifically, the Defendant argues that Judge Perez concealed and prevented the defendants' access to the Plaintiff's expunged records in a related criminal case, Criminal Case No. CF0375-07. Judge Perez denies such allegations. Answer at 3-4 (Mar. 6, 2020).

On November 16, 2011, Judge Perez granted the Defendant's request to access the Plaintiff's expunged records for the limited purpose of trial preparation. *See* Decision and Order (Nov. 16, 2011). Thereafter, on September 16, 2015, the Defendant filed Motions in Limine requesting, *inter alia*, that evidence relating to the expunged records of either party be excluded at trial. On May 10, 2016, the court issued its decision permitting the use of the expunged records at trial, but restricted its use for impeachment purposes. *See* Decision and Order (May 10, 2016). Both parties sought interlocutory review of Judge Perez's May 10, 2016 Decision and Order, with the Defendant arguing specifically that the trial court erred in allowing the use of expunged records for any purpose. On April 9, 2018, the Supreme Court of Guam issued its Opinion reversing the trial court's ruling and remanded the matter. *See Allen v. Richardson*, 2018 Guam 2. The Defendant, relying on the Supreme Court's opinion, now switches his position to argue that Judge Perez was acting deliberately to conceal crucial evidence contained in those expunged records.

Here, the fact that a judge renders an unfavorable ruling is not in and of itself grounds for disqualification. *See Danielson v. Winnfield Funeral Home of Jefferson*, Inc., 634 F. Supp.

---

[2] "Section 6105 is taken from the federal disqualification statute, 28 U.S.C.A. § 455, and the Guam Supreme Court has held that the federal courts' interpretation of the federal statute is instructive for the purpose of interpreting 7 GCA 6105." *People v. Tennessen*, 2010 Guam 12 ¶ 25 (citing *Ada*, 2000 Guam 22 ¶ 12 n.2).

1110, 1115 (E.D. La. 1986) ("The judge is permitted to fully express himself on legal matters, and adverse rulings against the moving party cannot serve as a basis for disqualification."). Judicial rulings alone do not constitute a sufficient basis for the recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1974). "Almost invariably, they are proper grounds for appeal, not recusal." *Id.* Furthermore, the Defendant's speculation that Judge Perez actively concealed and prevented the defendants' use of evidence, based on a hyper-technical interpretation of a court ruling, is mere inflammatory conjecture. Thus, the Recusal Court finds that Judge Perez did not conceal crucial defense evidence based on an abuse of discretion or legal error.

Second, the Defendant alleges that "Judge Perez condoned witness bribery, subornation, fraud, and perjury." Obj. to Competency at 3-4 (Feb. 26, 2020). Specifically, the Defendant argues that Judge Perez effectively granted "summary blanket impunity" when he struck the Defendant's response to the Plaintiff's June 6, 2018 Motion for Summary Judgment, which the Defendant asserts contained supporting documentary evidence of witness bribery, subornation, and fraud by the Plaintiff's attorneys and their investigator. Judge Perez denies these allegations.

Judge Perez explains that the Defendant's response to the Plaintiff's June 6, 2018 Motion for Summary Judgment was struck on procedural grounds, as it was filed beyond the briefing timeline. Answer at 4-5 (Mar. 6, 2020). As aforementioned, the fact that a judge ruled against a party is not in of itself grounds for disqualification. *See Danielson*, 634 F. Supp. at 1115. Moreover, the mere fact that Judge Perez struck the Defendant's response and the documents containing the suspected evidence of bribery, subornation, fraud, and perjury, does not mean he condoned those alleged activities. Again, this is simply inflammatory conjecture by the Defendant. Thus, the Recusal Court finds that Judge Perez did not condone witness bribery, subornation, fraud, or perjury.

Further, the Defendant alleges Judge Perez relied on a "gross partisan error of fact." Obj. to Competency at 4-5 (Feb. 26, 2020). Specifically, the Defendant argues that Judge Perez erroneously declared that the Defendant was not directly involved in CF0375-07 when

rendering the May 10, 2016 Decision and Order. Judge Perez acknowledges that the defendants were referred to as witnesses in the May 10, 2016 Decision and Order. However, Judge Perez also correctly notes that CF0375-07 was a criminal case between the People of Guam and the Plaintiff as the criminal defendant. Moreover, the May 10, 2016 was ultimately reversed and remanded by the Supreme Court of Guam. *See Allen*, supra. Thus, the Recusal Court finds that Judge Perez neither relied on a gross error of fact nor misrepresented a fundamental fact of the case.

Finally, the Defendant alleges "gross asymmetry of treatment of plaintiff and defendant as *pro se* litigants." Obj. to Competency at 5-6 (Feb. 26, 2020). Judge Perez denies such allegation, affirming that he has no bias or prejudice towards any party in this matter that would render a fair judgment impossible. Answer at 5 (Mar. 26, 2020). Upon review of the facts in this highly contested matter, the decade long procedural history, and the Defendant's objections above, the Recusal Court finds no appearance of bias and thus, finds no cause to require Judge Perez's recusal in this case.

Accordingly, having found no cause, the Recusal Court **DENIES** the Defendant's Statement of Objection, and sends this matter back to the assigned Court.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant's Statement of Objection to Competency of Judge Vernon P. Perez, and sends this matter back to the assigned Court.

**IT IS SO ORDERED** ___APR 0 2 2020___ .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**